# CASES

## ARGUED AND DETERMINED

### IN THE

# COURTS of APPEALS of OHIO

THE PENNSYLVANIA CO. *v.* BONCHEK & GORDON,
A PARTNERSHIP.

*Carriers—Non-delivery of goods—Defenses—Stoppage in transitu by consignor—Pleading.*

1. In Ohio the right of stoppage *in transitu* is controlled entirely by statute.
2. In an action by a consignee against a carrier for non-delivery of goods, a defense of stoppage *in transitu* is sufficiently pleaded where the fact of the stoppage and the obtaining of the goods by the consignor in a method provided by statute is set out.

(Decided February 5, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

This cause was instituted in the municipal court of Cleveland by defendant in error against the plaintiff in error for non-delivery of goods, based upon two bills of lading issued by plaintiff in error covering a shipment of merchandise by F. Silberstein & Son, consigned to defendant in error. The defense set up by the railroad company in its answer was that while the goods were in its possession at the place of shipment, and before they were transported, the consignor notified it that the consignee,

defendant in error, was insolvent; was unable to meet its obligations; could not pay for the goods; that consignor was exercising its right of stoppage *in transitu* and demanded possession of the goods, and in pursuance of such demand plaintiff in error delivered the goods to the consignor; that the consignor took possession of the goods and defendant therefore was precluded from delivering them to plaintiff.

The trial court held that the answer was no defense, and, on motion, rendered judgment against the defendant.

*Messrs. Squire, Sanders & Dempsey* and *Mr. E. R. Diehm,* for plaintiff in error.

*Mr. Max P. Goodman,* for defendant in error.

DUNLAP, P. J.   The municipal court erred in this case in granting the motion for a judgment upon the pleadings in favor of the plaintiff.   Defendant pleaded that the consignor had notified the defendant that the consignee was insolvent and unable to meet its obligations; that consignor exercising its right of stoppage *in transitu* had demanded possession of the consignment; that in pursuance of that demand the defendant delivered the goods to the shipper; also that the shipper took actual possession of the goods and that by reason of that fact the carrier was prevented from transporting said goods in accordance with the original shipping orders.

We have to say that the right of stoppage *in transitu* is now controlled entirely by statutes of the state of Ohio.   Section 8439, General Code, provides:

"(1.) The unpaid seller may exercise his right of stoppage *in transitu* either by obtaining actual possession of the goods, or by giving notice of his claim to the carrier or other bailee in whose possession the goods are."

Then in paragraph two of the same section the duty of the railroad company under such circumstances is specifically stated as follows:

"(2.) When notice of stoppage *in transitu* is given by the seller to the carrier, or other bailee in possession of the goods, he [the carrier] must redeliver the goods to, or according to the directions of the seller. * * * If, however, a negotiable document of title representing the goods has been issued by the carrier or other bailee, he shall not be obliged to deliver or justified in delivering the goods to the seller unless such document is first surrendered for cancellation."

It is conceded in the case at bar that no negotiable document of title had been issued, therefore its surrender was not required. Whatever the common-law doctrine may have been—and we do not attempt to determine what it was—the carrier is not now required to set up and prove the insolvency of the consignee. It is sufficient for it to plead the fact of the stoppage and the obtaining of the goods by the consignor in a method provided by the statute, and we think that the amended statement of defense filed by the carrier in this case in the court below sufficiently set up the defense of stoppage *in transitu* by the consignor of the goods; and, inasmuch as said defense was properly set up, the defendant had a right to have its defense tried out and determined by the court. For error in granting the plaintiff below a judgment upon the pleadings,

this judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

WASHBURN and VICKERY, JJ., concur.